**FAEGRE DRINKER BIDDLE & REATH LLP**
JEREMY M. PELPHREY (CA Bar # 249862)
jeremy.pelphrey@faegredrinker.com
RYAN M. SALZMAN (CA Bar #299923)
Ryan.Salzman@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, California  90067
Telephone:    +1 310 203 4000
Facsimile:    +1 310 229 1285
*Attorneys for Debtors and Debtors-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>Community Provider of Enrichment Services, Inc. d/b/a CPES Inc., *et al.*,<br>EIN: 86-0804057<br><br>Novelles Developmental Services, Inc.<br>EIN: 27-5174435<br><br>CPES California, Inc.<br>EIN: 27-2315212<br><br>    Debtors. | Lead Case No. 9:20-bk-10554-DS<br><br>Jointly Administered With:<br>Case No. 9:20-bk-10553-DS<br>Case No. 9:20-bk-10994-DS<br><br>Chapter 11 Cases<br><br>**DEBTOR'S PRELIMINARY OBJECTION TO ARIZONA DEPARTMENT OF ECONOMIC SECURITY, DIVISION OF DEVELOPMENTAL DISABILITIES MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (ACTION IN NONBANKRUPTCY FORUM)** |
| [ ] Affects All Debtors<br><br>[•] Community Provider of Enrichment Services, Inc. d/b/a CPES Inc.<br>[ ] Novelles Developmental Services, Inc.<br>[ ] CPES California, Inc.<br><br>Debtors and Debtors in Possession | **[RELATES TO DOCKET NO. 308]**<br><br>**Hearing:**<br><br>Date:<br>Time:<br>Place: |

Community Provider of Enrichment Services, Inc. d/b/a CPES Inc. ("CPES AZ" or the "Debtor") as Debtor and debtor in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases") has reviewed the *Arizona Department of Economic Security, Division of Developmental Disabilities' Motion for Relief from the Automatic Stay Under 11 U.S.C. 362 (Action in Nonbankruptcy Forum)* [Docket No. 308] (the "Motion")[1], filed on September 10, 2020 on shortened notice. The Debtor respectfully submits the following objections to the Motion on a

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Motion.

preliminary basis, as the Debtor intends to seek a continuance of the hearing scheduled for September 14, 2020 for additional time to respond:

## I. BASIS FOR OBJECTION

### A. DES/DDD's Proposed Actions Are Unnecessary and Do Not Require Immediate Resolution

DES/DDD seeks to circumvent the sales process of these chapter 11 bankruptcy proceedings by removing the current residents of Group Homes operated by CPES AZ and moving them into group homes operated by other vendors of its choosing. In support of its request for relief from the automatic stay, DES/DDD claims to be pursuing a matter of public safety and welfare through the enforcement of its Qualified Vendor process. Among DES/DDD's primary complaints is its assertion that the Stalking Horse Bidder does not have a Qualified Vendor Agreement ("QVA") or an application before DES/DDD for approval. These complaints are unfounded for two reasons. First, the Stalking Horse Bidder has submitted an application to DES/DDD for approval, which DES/DDD has ignored. Second, an important aspect of the proposed bidding and sale procedures in this matter is that the Debtor's operations will be transitioned to a buyer that either already has or will have a DES/DDD approved QVA and will continue to operate the facilities currently owned by the Debtor. There is no legitimate reason for members to be moved out of the group homes currently owned by the Debtor. Moreover, DES/DDD's assertion that it seeks to minimize interruption to members' daily lives by unnecessarily moving them out of their current group home and into another (and thereby interrupting their daily lives) is nonsense.

Based on DES/DDD's failure to articulate a legitimate reason for requesting relief from the stay and DES/DDD's conduct in the course of these proceedings, the Debtor submits that the true motive of DES/DDD is to circumvent the sale process of these chapter 11 proceedings. In June 2020, the Debtor engaged CohnReznick Capital ("CRC") to identify potential buyers for some or all of the Debtor's assets and commenced discussions with those parties. CRC contacted a number of potential buyers to solicit their interest in exploring a transaction regarding the Debtor's assets, and for the past several weeks, the Debtor, its counsel, and CRC have been in negotiations with various parties who expressed interest in acquiring some or all of the Debtor's assets. Some of the

potential buyers identified by CRC already have a QVA. As further set forth in the Manning Declaration attached hereto, while CRC has made extensive efforts to include DES/DDD in this process, DES/DDD has refused to engage. CRC gave DES/DDD a list of potential buyers, and instead of engaging with CRC, DES/DDD appears to be in direct contact with the potential buyers, seemingly in anticipation of conducting its own under-the-table sale with those parties.

DES/DDD is simply purporting to assert its police and regulatory powers as a pretext. DES/DDD's actions throughout the course of this process have demonstrated that its true objective is to circumvent the sale process and ultimately block any potential sale of the Debtor's assets to the Stalking Horse Bidder or any potential buyer identified in the course of the sale process. In light of the above, DES/DDD's §§ 362(b)(4) and 362(d)(1) arguments, to which the Debtor is presently unable to respond in full due to the extremely short notice of the Motion, lack merit. In short, DES/DDD's proposed actions do not fall into the §362(b)(4) policy and regulatory powers exception, because DES/DDD is not seeking to use those powers for a legitimate purpose; nor can DES/DDD demonstrate "cause" under § 362(d)(1) because DES/DDD does not have a legitimate interest here that requires adequate protection.

**B.    The DES/DDD Proposed Actions Violate § 525.**

The actions proposed by DES/DDD constitute impermissible discrimination against the Debtor pursuant to § 525 of the Bankruptcy Code. Section 525(a) grants the Debtor protection against discriminatory treatment by a governmental unit on account of the Debtor's insolvency. *See* 11 U.S.C. § 525(a). One of the leading cases interpreting § 525 is the United States Supreme Court's decision in *Federal Communications Commission v. NextWave Communications, Inc.*, 537 U.S. 293 (2003). In *NextWave*, the Federal Communications Commission (the "FCC") cancelled certain licenses owned by the debtor, but denied that the proximate cause for its cancellation of the licenses was the debtor's failure to make payments due to the FCC. Instead, the FCC contended that § 525 did not apply because it had a valid regulatory motive for the cancellation. The Supreme Court held that the FCC's motive was "irrelevant" because "[s]ection 525 means nothing more or less than that the failure to pay a dischargeable debt must alone be the proximate cause of the cancellation— the act or event that triggers the agency's decision to cancel, whatever the agency's ultimate motive

in pulling the trigger may be." *NextWave*, 537 U.S. at 301-02. Here, DES/DDD is treating the Debtor differently than it would otherwise by seeking to remove its members and take control of the sale process, solely because the Debtor is in bankruptcy. It is clear that the DES/DDD's intent is not the proper exercise of the agency's discretion in discharge of its statutory duties but to take advantage of the process to reward to vendors of its own choosing. The actions proposed by DES/DDD must be denied as violative of § 525(a).

Further, the Court has exclusive jurisdiction over the group homes because they are indisputably "property of the estate" pursuant to § 541. The Court's exclusive jurisdiction limits the ability of DES/DDD to interfere with the operations of the group homes.

### C.  **It Is Not Appropriate To Address the Issues Raised by DES/DDD at This Time**

To the extent DES/DDD has legitimate objections, those objections are solely related to the sale. It is not appropriate to address these issues in conjunction with the Bidding Procedures Motion. One of DES/DDD's primary objections is that the Stalking Horse Bidder does not currently have a Qualified Vendor Agreement ("QVA"). At this time, there is no way of knowing who the Winning Bidder (as defined in the Bidding Procedures Motion) will be. The Winning Bidder may already have a QVA, in which case the DES/DDD objection to the sale is moot. These objections are premature and should not be addressed in conjunction with the hearing on the Bidding Procedures Motion.

### II.    CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an order: (i) denying the Motion, and (ii) granting such other and further relief as is just and proper under the circumstances; or, in the alternative (i) continuing the hearing on the Motion to a date no sooner than September 22, 2020; (ii) continuing the automatic stay in effect until the conclusion of the hearing on such later date; and (iii) granting such other and further relief as is just and proper under the circumstances.

1  
2    Dated: September 11, 2020         **FAEGRE DRINKER BIDDLE & REATH LLP**

3                                     By: */s/ Vince Slusher*
                                      Ryan M. Salzman (CA Bar #299923)
                                      Ryan.Salzman@faegredrinker.com
4                                     Jeremy M. Pelphrey (CA Bar #249862)
                                      Jeremy.Pelphrey@faegredrinker.com
5                                     1800 Century Park East, Suite 1500
                                      Los Angeles, CA  90067
6                                     Telephone: (310) 203-4000
                                      Facsimile: (310) 229-1285
7
                                      Vince Slusher (TX Bar # 00785480)
8                                     1717 Main Street, Suite 5400
                                      Dallas, Texas 75201
9                                     Telephone: (469) 357-2500
                                      Facsimile: (469) 327-0860
10                                    Vince.Slusher@faegredrinker.com
                                      *Admitted Pro Hac Vice*
11
                                      *Counsel for the Debtors and Debtors in Possession*
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28