Roksana D. Moradi-Brovia (Bar No. 266572)
Matthew D. Resnik (Bar No. 182562)
**RESNIK HAYES MORADI LLP**
17609 Ventura Blvd., Suite 314
Encino, CA 91316
**Telephone:** (818) 285-0100
**Facsimile:** (818) 855-7013
roksana@RHMFirm.com
matt@RHMFirm.com

*Proposed Attorneys for*
Patient Care Ombudsman
Timothy J. Stacy, DNP, ACNP-BC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re: | LEAD CASE NO. 9:20-bk-10554-DS |
| COMMUNITY PROVIDER OF ENRICHMENT SERVICES, INC., | Jointly administered with: Case No. 9:20-bk-10553-DS and Case No. 9:20-bk-10994-DS |
| Debtor. | Chapter 11 |
| NOVELLES DEVELOPMENTAL SERVICES, INC. | **NOTICE OF APPLICATION OF PATIENT CARE OMBUDSMAN TO EMPLOY RESNIK HAYES MORADI LLP AS BANKRUPTCY COUNSEL EFFECTIVE AS OF SEPTEMBER 15, 2020** |
| Debtor. | |
| CPES CALIFORNIA, INC. | *(No hearing required pursuant to LBR 9013-1(o))* |

**TO THE HONORABLE DEBORAH J. SALTZMAN, UNITED STATES**

**BANKRUPTCY JUDGE; THE UNITED STATES TRUSTEE AND HIS COUNSEL**

**OF RECORD; THE DEBTOR AND ITS COUNSEL OF RECORD; AND ALL**

**PARTIES IN INTEREST:**

PLEASE TAKE NOTICE that on October 23, 2020, Timothy J. Stacy, DNP,

ACNP-BC, the Patient Care Ombudsman (hereinafter the "PCO" and sometimes "Dr.

**RESNIK HAYES
MORADI LLP**

Stacy") appointed under Section 333 of the Bankruptcy Code in the above referenced

Chapter 11 bankruptcy cases of Community Provider of Enrichment Services, Inc.,

Novelles Developmental Services, Inc. and CPES California, Inc. (hereinafter collectively

the "Debtors"), filed his *Application of Patient Care Ombudsman to Employ Resnik Hayes*

*Moradi LLP as Bankruptcy Counsel Effective as of September 15, 2020* (the

"Application") seeking an order of this Court authorizing him to employ Resnik Hayes

Moradi LLP (the "Firm") as his bankruptcy counsel, at the expense of the Debtors' estate,

with compensation determined and paid pursuant to §330 and any orders of this Court,

effective as of date of appointment of the PCO, September 15, 2020.

In compliance with Local Bankruptcy Rule 2014-1, the PCO hereby provides the

following information regarding the Application:

   1.  <u>Introduction.</u>

The Debtors operate group homes and regional day program centers. These

facilities address the needs of developmentally delayed patients with diagnoses including

autism, down syndrome and other genetic diseases that cause severe cognitive

development and difficulty with activities of daily living.

Because the Debtors operate facilities which provide care and medical service to

patients, the estate therefore is a "health care business" as that term is defined in

Bankruptcy Code §101(27)(A). Under the Bankruptcy Abuse Prevention and Consumer

Protection Act of 2005, a patient care ombudsman must be appointed in the bankruptcy

case of a "health care business" to ensure that the medical care provided to patients is not

declining or being materially compromised during the bankruptcy.

Following due diligence and interviews by the United States Trustee ("UST") and

based on his substantial experience as a licensed hospitalist and critical care provider and

on his highly regarded credentials as an Associate Chief Hospitalist and Chair of the

Interdisciplinary Committee at Sherman Oaks and Encino Hospitals for the past six years,

on or around August 26, 2020, the UST and Debtors entered into a *Stipulation for the*

*Appointment of a Patient Care Ombudsman* (Docket No. 286) which resulted in entry of

**NOTICE OF
APPLICATION TO
EMPLOY**

the *Order Directing the Appointment of a Patient Care Ombudsman* on August 28, 2020 (Docket No. 290) and pursuant to which the UST appointing Dr. Stacy as the PCO in this case, as of September 15, 2020 (Docket No. 333).

2. <u>Identification of the Professional and Purpose and Scope of Employment.</u>

The PCO is a licensed medical professional. In order for him to timely and competently comply with his duties within the relatively small amount of time allotted for him to do so under the applicable Bankruptcy Code and Bankruptcy Rule provisions, he needs an opportunity to focus primarily on patient care issues without having to spend any significant amount of time on the legal and procedural aspects of this case.

Specifically, the PCO requires the assistance of the Firm to:

-Understanding the scope of his duties as well as the *activities and events of the case* which are relevant to performing such obligations so that he can adequately and efficiently discharge his duties;

-Analyzing, drafting and filing (via the ECF system) his reports and other required documents in this case;

-Analyzing filings in the case and how the requested relief will impact the case and patients;

-Participate in discussions, negotiations, meetings and Court hearings that relate to his duties as the PCO.

Having bankruptcy counsel will streamline the PCO's ability to focus primarily on patient care issues, while facilitating his need to understand the relevant facts and circumstance of theses case and timely reporting the Court as to patient care matters.

As set forth in the Firm's resume which is attached as Exhibit "A" to the Application, the Firm has extensive experience in matters of insolvency, reorganization and bankruptcy law and litigation matters and is therefore well-qualified to represent the PCO in proceedings of this nature. *Counsel Roksana D. Moradi-Brovia, who will be primarily responsible for this matter, has represented the PCO as his bankruptcy counsel in a dozen Chapter 11 cases.*

**NOTICE OF APPLICATION TO EMPLOY**

**3**

3.  Compensation.

The Firm seeks to be paid from the Debtors' estate including for any and all fees incurred and expenses advanced by the Firm from and after September 15, 2020.

The Firm understands the provisions of 11 U.S.C. §330. The Firm recognizes that all payments of its earned fees and expenses will be subject to interim and final approval of the Court after notice and a hearing. The Firm will seek reimbursement of expenses in accordance with the rates set forth in the rules guidelines previously promulgated by the UST.

4.  Procedure for Obtaining Copy of Application.

A copy of the Application may be obtained upon written request by contacting counsel for the PCO, Roksana D. Moradi-Brovia by telephone at (818) 933-2843 or by email at roksana@RHMFirm.com.

5.  Procedure for Objecting to Application and Requesting Hearing.

Pursuant to LBR 9013-1(o), any party opposing the relief sought by the Application must file a written opposition setting forth the facts and law upon which the opposition is based and request a hearing on the Application.  Any factual allegations set forth in such written response must be supported by competent and admissible evidence.

The deadline to file and serve a written opposition and request for a hearing is 14-days after the date of service of this Notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F), not excluding Saturdays, Sundays or legal holidays. Any response or opposition to the Application must be filed with the Court and served on the PCO's counsel, the Office of the U.S. Trustee, *and any other required parties in interest.*

///

///

///

///

NOTICE OF
APPLICATION TO
EMPLOY

**4**

Pursuant to *Local Bankruptcy Rule 9013-1(h)*, any response not timely filed and

1  served may be deemed by the Court to be consent to the granting of the relief requested by

2  the Application.

3

4  Dated: October 23, 2020                                   **RESNIK HAYES MORADI LLP**

5

6                                              **By:**      /s/ Roksana D. Moradi-Brovia
                                                          **Roksana D. Moradi-Brovia**
7                                                          **Matthew D. Resnik**
                                                          *Proposed Attorneys for*
8                                                          Patient Care Ombudsman,
                                                          Timothy J. Stacy, DNP, ACNP-BC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28