| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br>FAEGRE DRINKER BIDDLE & REATH LLP<br>Jeremy M. Pelphrey (CA Bar #249862)<br>jeremy.pelphrey@faegredrinker.com<br>Ryan M. Salzman (CA Bar #299923)<br>ryan.salzman@faegredrinker.com<br>1800 Century Park East, Suite 1500<br>Los Angeles, CA 90067<br>Telephone: (310) 203-4000<br>Facsimile: (310) 229-1285<br><br>☐ *Movant(s) appearing without an attorney*<br>☒ *Attorney for Movant(s)* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -** NORTHERN DIVISION

| In re:<br>Community Provider of Enrichment Services, Inc., d/b/a CPES, Inc., et al<br><br><br><br><br><br>Debtor(s). | CASE NO.: 9:20-bk-10554<br>CHAPTER: 11<br><br>**DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION**<br>LBR 9013-1(o)(3)<br><br>[No Hearing Required] |
|---|---|

1. I am the ☐ Movant(s) or ☒ attorney for Movant(s) or ☐ employed by attorney for Movant(s).

2. On (*date*): 10/15/20    Movant(s) filed a motion or application (Motion) entitled: Notice of Motion and Motion of Debtor for the Entry of an Order Authorizing Debtor to Reject Unexpired Real Property Lease Pursuant to 11 U.S.C.

3. A copy of the Motion and notice of motion is attached to this declaration.

4. On (*date*): 10/15/20    Movant(s), served a copy of ☐ the notice of motion or ☒ the Motion and notice of motion on required parties using the method(s) identified on the Proof of Service of the notice of motion.

5. Pursuant to LBR 9013-1(o), the notice of motion provides that the deadline to file and serve a written response and request for a hearing is 14 days after the date of service of the notice of motion, plus 3 additional days if served by mail, or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

6. More than 17 days have passed after Movant(s) served the notice of motion.

7. I checked the docket for this bankruptcy case and/or adversary proceeding, and no response and request for hearing was timely filed.

8. No response and request for hearing was timely served on Movant(s) via Notice of Electronic Filing, or at the street address, email address, or facsimile number specified in the notice of motion.

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016* | Page 1 | **F 9013-1.2.NO.REQUEST.HEARING.DEC**

9. Based on the foregoing, and pursuant to LBR 9013-1(o), a hearing is not required.

Movant(s) requests that the court grant the motion and enter an order without a hearing.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: 11/2/2020                                   /s/ Ryan M. Salzman_____
                                                  Signature

                                                  Ryan M. Salzman_____
                                                  Printed name

This form is mandatory.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                   Page 2                          **F 9013-1.2.NO.REQUEST.HEARING.DEC**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
FAEGRE DRINKER BIDDLE & REATH LLP, 90 South 7th St, Ste 2200, Minneapolis, MN 55402

A true and correct copy of the foregoing document entitled: **DECLARATION THAT NO PARTY REQUESTED A HEARING ON MOTION [LBR 9013-1(o)(3)]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 11/2/20, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
   Brian D. Fittipaldi, Office of the U.S. Trustee, brian.fittipaldi@usdoj.gov
   United States Trustee, ustregion16.nd.ecf@usdoj.gov
   Steve Ordaz, BMC Group, Inc., sordaz@bmcgroup.com; tfeil@bmcgroup.com
   Scott L. Whitman, slw@mwlegal.com; holly@mwlegal.com

   ☒ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

   ☐ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

   ☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/2/2020 | Susan Carlson | /s/ Susan Carlson |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

December 2016     Page 3     F 9013-1.2.NO.REQUEST.HEARING.DEC

**1.     TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

Agustin R. Pina, pina@schinner.com
Jennifer C. Kalvestran, Gust Rosenfeld, jkalvestran@gustlaw.com; spobrien@gustlaw.com
David R. Johanson, djohanson@hpylaw.com; drj@esop-law.com
Kelsey L. Maxwell, kmaxwell@murchisonlaw.com
Lisa D. Angelo, langelo@murchisonlaw.com
Scott Whitman, slw@mwlegal.com; holly@mwlegal.com
Abram Feuerstein, abram.s.feuerstein@usdoj.gov
Everett L. Green, Everett.l.green@usdoj.gov
Cameron Ridley, cameron.ridley@usdoj.gov
Scott B. Cohen, sbc@eblawyers.com
Roksana D. Moradi-Brovia, roksana@RHMFirm.com
Chelsea Mikula, chelsea.mikula@tuckerellis.com

**FAEGRE DRINKER BIDDLE & REATH LLP**
JEREMY M. PELPHREY (CA Bar # 249862)
Jeremy.Pelphrey@faegredrinker.com
RYAN M. SALZMAN (CA Bar #299923)
Ryan.Salzman@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, CA  90067
Telephone:     (310) 203-4000
Facsimile:      (310) 229-1285
*Counsel for the Debtors and Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>Community Provider of Enrichment Services, Inc. d/b/a CPES Inc., et al.,<br>EIN: 86-0804057<br><br>Novelles Developmental Services, Inc.<br>EIN: 27-5174435<br><br>CPES California, Inc.<br>EIN: 27-2315212<br><br>       Debtors.<br><br>[ ] Affects All Debtors<br><br>[•] Community Provider of Enrichment Services, Inc. d/b/a CPES Inc.<br><br>[ ] Novelles Developmental Services, Inc.<br><br>[ ] CPES California, Inc.<br><br>Debtors and Debtors in Possession | Lead Case No. 9:20-bk-10554-DS<br><br>Jointly Administered With:<br><br>Case No. 9:20-bk-10553-DS<br><br>Case No. 9:20-bk-10994-DS<br><br>Chapter 11 Cases<br><br>**NOTICE OF MOTION AND MOTION OF DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING DEBTOR TO REJECT UNEXPIRED REAL PROPERTY LEASE PURSUANT TO 11 U.S.C. § 365; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Declaration of Mark G. Monson attached hereto.<br><br>No hearing required under Local Bankruptcy Rule 9013-1(o)(1). |

**TO THE HONORABLE DEBORAH J. SALTZMAN, THE OFFICE OF THE UNITED STATES TRUSTEE, THE COUNTERPARTY TO THE REJECTED LEASE AND OTHER PARTIES IN INTEREST:**

**PLEASE TAKE NOTICE** that Community Provider of Enrichment Services, Inc., ("CPES AZ") as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby moves (the "Motion") the Court for entry of an order, pursuant to sections

105 and 365(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2081-1 and 9075-1 of the Local Bankruptcy Rules (the "LBR"), authorizing and approving the rejection of the unexpired real property lease listed on Exhibit A attached hereto (the "Rejected Lease") as of the date that the Debtors surrender possession of the premises (the "Rejection Date") to its counterparty (the "Counterparty-Landlord"). Attached hereto as Exhibit A is a schedule summarizing the Rejected Lease.

In light of the Debtor's ongoing restructuring efforts, the Debtor does not have a use for the Rejected Lease which is no value to the estate. By the Motion, the Debtor requests that the Court establish that such Rejected Lease is rejected effective as of the date that the Debtor surrender the leased premises to its Counterparty-Landlord (the "Rejection Date"). As described below, the Debtor has ceased business operations in the premises and therefore no longer has any need for the Rejected Lease. Further, the Debtor does not believe that a third party buyer is likely to purchase the Rejected Lease. Also, the Debtor would be unable to cure defaults or obtain the timely consent of third parties that may necessary for completion of the Rejected Lease. Accordingly, it is in the best interests of the estate to reject the Rejected Lease to avoid any unnecessary administrative costs to the estate. The Debtor therefore requests an order of the Court rejecting the Rejected Lease effective as of its Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that the Motion is based on and supported by this Notice, the attached Memorandum of Points and Authorities, the attached Declaration of Mark G. Monson, President and Chief Executive Officer of the Debtor. In addition, the Debtor requests that the Court take judicial notice of all documents filed with the Court in this case.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to LBR 9013-1(o)(1), any response or request for a hearing on the Motion, in the form required by LBR 9013-1(f), must be filed with the Court and served on the Debtor's counsel (at the address indicated above) and the Office of the United

1  States Trustee within fourteen (14) days after service of this Motion.  Pursuant to LBR 9013-1(h), the

2  failure to timely file and serve a response to this Motion may be deemed consent to the relief requested

3  in this Motion.  No hearing will be held if no response and request for hearing is filed and served and,

4  in the event that no response and request for hearing is filed and served in a timely manner, the Debtor

5  will lodge an order with the Court granting this Motion.

   **WHEREFORE**, the Debtor respectfully requests that the Court enter an Order:

   (1) authorizing and approving the rejection of the Rejected Lease, effective as of the date that the Debtor surrenders the leased premises to its respective Counterparty-Landlord and (2) granting any other relief that the Court deems just and proper.

Dated: October 15, 2020

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: /s/ *Ryan M. Salzman*
Ryan M. Salzman (CA Bar #299923)
Ryan.Salzman@faegredrinker.com
Jeremy M. Pelphrey (CA Bar #249862)
Jeremy.Pelphrey@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, CA  90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

Vince Slusher (TX Bar # 00785480)
1717 Main Street, Suite 5400
Dallas, Texas 75201
Telephone: (469) 357-2500
Facsimile: (469) 327-0860
Vince.Slusher@faegredrinker.com
*Admitted Pro Hac Vice*

*Counsel for the Debtor and Debtor in Possession*

# MOTION

Community Provider of Enrichment Services, Inc., ("CPES AZ") as debtor and debtor in possession (the "Debtor") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby submits this Motion (the "Motion"), pursuant to sections 105 and 365(a) of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 6006 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2081-1 and 9075-1 of the Local Bankruptcy Rules (the "LBR"), authorizing and approving the rejection of the unexpired real property lease listed on Exhibit A attached hereto (the "Rejected Lease") as of the date that the Debtor surrenders possession of the premises (the "Rejection Date") to its counterparty (the "Counterparty-Landlord").

## SUMMARY OF REQUESTED RELIEF

The Debtor seeks entry of an Order authorizing the rejection of an unexpired lease in accordance with section 365 of the Bankruptcy Code.

## ADDITIONAL INFORMATION

The Motion is based on the attached Memorandum of Points and Authorities and the *Declaration of Mark G. Monson*, the arguments of counsel, and other admissible evidence properly brought before the Court at or before the hearing on this Motion. In addition, the Debtor requests that the Court take judicial notice of all documents filed with the Court in this Case.

Counsel to the Debtor will serve this Motion and the attached Memorandum of Points and Authorities on the following parties: (i) the Office of the United States Trustee; (iii) the Counterparty-Landlord; (iii) the twenty (20) largest general unsecured creditors for each Debtor; (iv) the United States of America, the State of California, and the State of Arizona; and (v) parties that file with the Court and serve upon the Debtor requests for notice of all matters in accordance with Bankruptcy Rule 2002(i).

In the event that the Court grants the relief requested by the Motion, the Debtor shall provide notice of the entry of the order granting such relief upon each of the foregoing parties and any other

parties in interest as the Court directs. The Debtor submits that such notice is sufficient and that no other or further notice be given.

WHEREFORE, the Debtor respectfully requests that this Court enter an order granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: October 15, 2020

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: */s/ Ryan M. Salzman*
Ryan M. Salzman (CA Bar #299923)
Ryan.salzman@faegredrinker.com
Jeremy M. Pelphrey (CA Bar #249862)
jeremy.pelphrey@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, CA  90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

Vince Slusher (TX Bar # 00785480)
1717 Main Street, Suite 5400
Dallas, Texas 75201
Telephone: (469) 357-2500
Facsimile: (469) 327-0860
Vince.Slusher@faegredrinker.com
*Admitted Pro Hac Vice*

*Counsel for the Debtors and Debtors in Possession*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. JURISDICTION

This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (M), and (O). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND

On April 24, 2020 (the "Petition Date"), the Debtor commenced with the Court a voluntary case under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business and manage its properties as debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in this chapter 11 case. Additional information regarding the circumstances leading to the commencement of the Chapter 11 Cases and information regarding the Debtor's business and capital structure is set forth in the declaration of Mark G. Monson filed in support of the Debtor's chapter 11 petition and related first day relief (the "First Day Declaration").

Currently, CPES AZ operates and staffs fifty-six (56) group homes in Arizona, all at leased facilities. These group homes provide residences and services to developmentally disabled individuals. The behavioral health operations in Arizona were all closed in March of 2020. In addition to the group homes, the Debtor operates numerous day treatment centers and programs in Arizona. These programs were initially closed due to governmental mandates arising out of the COVID-19 pandemic. The Debtor submits that the continued performance under the Rejected Lease would be unduly burdensome to the Debtor's estates and would significantly hinder the Debtor's reorganizational efforts. For the avoidance of doubt, the Debtor is engaged in an ongoing process to determine whether to assume or reject additional leases and may seek further relief from the Court.

## III. RELIEF REQUESTED

The Debtors is engaged in an ongoing assessment of its operations and has elected to permanently end some of the operations that took place in the premises subject to the Rejected Lease. Further, the Debtor does not believe that the Rejected Lease will be purchased by third parties through

these Chapter 11 Cases. Accordingly, the Debtor has determined that it is in the best interests of the estate to dispose of the Rejected Lease at this time to avoid any unnecessary administrative costs and seek entry of an Order authorizing them to do so.

## IV. BASIS FOR RELIEF REQUESTED

Section 365(a) of the Bankruptcy Code provides that a debtor-in-possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). This provision allows the debtor to relieve the bankruptcy estate of burdensome agreements which have not been completely performed. *In re Pomona Valley Med. Grp., Inc.*, 476 F.3d 665, 669 (9th Cir. 2007); *In re Locke*, 180 B.R. 245, 251 (Bankr. C.D. Cal. 1995); *In re Klein Sleep Products, Inc.*, 78 F.3d 18, 25 (2d Cir. 1996).

In the Ninth Circuit, courts apply the "business judgment" standard to determine whether a debtor may reject executory contracts or unexpired leases that are no longer useful or necessary to the bankruptcy estate. *In re Pomona Valley Med. Grp., Inc.*, 476 F.3d at 669; *In re G.I. Indus., Inc.*, 204 F.3d 1276, 1282 (9th Cir. 2000); *NLRB v. Bildisco*, 682 F.2d 72, 79 (3d Cir. 1982) (observing that "[t]he usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test."); *see also Commercial Fin. Ltd. v. Haw. Dimensions, Inc. (In re Haw. Dimensions, Inc.)*, 47 B.R. 425, 427 (Bankr. D. Haw. 1985) (noting that "under the business judgment test, a court should approve a debtor's proposed rejection if such rejection will benefit the estate."). In applying the business judgment standard, courts show great deference to the debtor's decision to reject. *See, e.g.*, *In re Pomona Valley Med. Grp., Inc.*, 476 at 670 (9th Cir. 2007) (holding that a court "should approve the rejection of an executory contract under § 365(a) unless it finds that the debtor-in-possession's conclusion that rejection would be 'advantageous is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice.'").

FAEGRE DRINKER BIDDLE
& REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

- 2 -    CASE NO. 9:20-BK-10554-DS

ACTIVE.124416305.01

The Debtor requests that the Court authorize the rejection of the Rejected Lease effective as of the Rejection Date. This request is consistent with authority deeming rejection effective concurrent with an unequivocal act of rejection, such as service of a motion to reject. *See In re Joseph C. Speiss Co.*, 145 B.R. 597, 606 (Bankr. N.D. Ill. 1992) (stating that "a trustee's rejection of a lease should be retroactive to the date that the trustee takes affirmative steps to reject said lease, such as serving notice of a motion to reject"); *In re Mid-Region Petroleum, Inc.*, 111 B.R. 968, 970 (Bankr. N.D. Okla. 1990) (reasoning that rejection may be accomplished by an unequivocal act of the trustee or debtor in possession and deeming the effective date of rejection to be the date on which the trustee gave unequivocal notice of intent to reject), *aff'd* 1 F.3d 1130 (10th Cir. 1993).

The Debtor therefore requests an order of the Court rejecting the Rejected Lease effective as of the Rejection Date.

## V.  NOTICE

Notice of this Motion will be provided to: (i) the Office of the United States Trustee; (iii) the Counterparty-Landlord; (iii) the twenty (20) largest general unsecured creditors for each Debtor; (iv) the United States of America, the State of California, and the State of Arizona; and (v) parties that file with the Court and serve upon the Debtors requests for notice of all matters in accordance with Bankruptcy Rule 2002(i).

*[Remainder of page intentionally left blank.]*

FAEGRE DRINKER BIDDLE
& REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

- 3 -    CASE NO. 9:20-BK-10554-DS

ACTIVE.124416305.01

WHEREFORE, the Debtor respectfully requests the entry of an Order pursuant to §§ 105(a), 107(c), and Bankruptcy Rule 9018 granting the relief requested herein and such other and further relief as the Court may deem just and appropriate.

Dated: October 15, 2020

**FAEGRE DRINKER BIDDLE & REATH LLP**

By: /s/ Ryan M. Salzman
Ryan M. Salzman (CA Bar #299923)
Ryan.Salzman@faegredrinker.com
Jeremy M. Pelphrey (CA Bar #249862)
Jeremy.Pelphrey@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

Vince Slusher (TX Bar # 00785480)
1717 Main Street, Suite 5400
Dallas, Texas 75201
Telephone: (469) 357-2500
Facsimile: (469) 327-0860
Vince.Slusher@faegredrinker.com
*Admitted Pro Hac Vice*

*Counsel for the Debtors and Debtors in Possession*

# DECLARATION OF MARK MONSON

I, Mark G. Monson, hereby declare that the following is true to the best of my knowledge, information and belief:

1. I am the President and Chief Executive Officer of the debtor and debtor in-possession in these chapter 11 cases (the "Debtor"). If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein based upon my personal knowledge, review of documents, or opinion. I am authorized to submit this Declaration on behalf of the Debtor.

2. I submit this declaration (the "Declaration") in support of the Debtor's *Motion for Order Authorizing Debtor to Reject Unexpired Real Property Lease Pursuant to 11 U.S.C. § 365* (the "Motion"). Except as otherwise indicated, all statements in this Declaration are based upon my personal knowledge, my review of the Debtor's books and records, relevant documents and other information prepared or collected by the Debtor's employees, or my opinion based on my experience with the Debtor's operations and financial condition. In making my statements based on my review of the Debtor's books and records, relevant documents and other information prepared or collected by the Debtor's employees, I have relied upon these employees accurately recording, preparing or collecting such documentation and other information.

3. The Debtor commenced these Chapter 11 Cases to (i) expeditiously pursue a potential sale of some of its businesses to one or more third parties and (ii) commence an orderly wind-down of the remaining businesses. None of the contemplated transactions include the assumption and assignment of the Rejected Lease to the acquiring parties.

4. The Debtor has reviewed its need for the Rejected Lease. The Rejected Lease is a premises where the Debtor formerly operated but now no longer needs. I believe that the continued performance under the Rejected Lease would be unduly burdensome to the Debtor's estate and would significantly hinder the Debtor's reorganizational efforts. Further, I do not believe that a third party

buyer is likely to purchase the Rejected Lease. Also, the Debtor will not be able to cure defaults or obtain the timely consent of third parties that may be necessary for completion of the Rejected Lease.

5. Accordingly, I believe it is in the best interests of the estate to reject the Rejected Lease at this time to avoid any unnecessary administrative costs. The Debtor therefore requests the entry of an order authorizing the Debtor's rejection of the Rejected Lease as of the Rejection Date.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 15, 2020

Mark G. Monson

FAEGRE DRINKER BIDDLE
& REATH LLP
ATTORNEYS AT LAW
LOS ANGELES

ACTIVE.124416305.01

- 2 -

CASE NO. 9:20-BK-10554-DS

# **EXHIBIT A – REJECTED LEASE**

**NOTE**: The Estimated Rejection Date is provided for planning purposes only. The Rejection Date shall be the date on which the Debtors surrender possession of the premises to the Counterparty-Landlord under such Rejected Lease.

| Counterparty-Landlord and Address | Debtor | Property Address | Estimated Rejection Date |
|---|---|---|---|
| Cap Grow JV Sub IV LLC<br>320 W. Ohio St., Ste. 650N<br>Chicago, IL 60654 | CPES AZ | 102 Sherwood Dr.<br>Payson, Arizona, 85710 | 10/31/2020 |

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
FAEGRE DRINKER BIDDLE & REATH LLP, 90 South 7th St, Ste 2200, Minneapolis, MN 55402

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION OF DEBTORS FOR THE ENTRY OF AN ORDER AUTHORIZING DEBTOR TO REJECT UNEXPIRED REAL PROPERTY LEASE PURSUANT TO 11 U.S.C. § 365; MEMORANDUM OF POINTS AND AUTHORITIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) October 15, 2020, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:
Brian D. Fittipaldi, Office of the U.S. Trustee, brian.fittipaldi@usdoj.gov
United States Trustee, ustregion16.nd.ecf@usdoj.gov
Steve Ordaz, BMC Group, Inc., sordaz@bmcgroup.com; tfeil@bmcgroup.com
Scott L. Whitman, slw@mwlegal.com; holly@mwlegal.com
Agustin R. Pina, pina@schinner.com
Jennifer C. Kalvestran, Gust Rosenfeld, jkalvestran@gustlaw.com; spobrien@gustlwa.com
David R. Johanson, djohanson@hpylaw.com; drj@esop-law.com
Kelsey L. Maxwell, kmaxwell@murchisonlaw.com
Lisa D. Angelo, langelo@murchisonlaw.com; cthoms@murchisonlaw.com
Abram Feuerstein, abram.s.feuerstein@usdoj.gov
Everett L. Green, Everett.l.green@usdoj.gov
Cameron Ridley, cameron.ridley@usdoj.gov
Scott B. Cohen, sbc@eblawyers.com
Roksana D. Moradi-Brovia, roksana@RHMFirm.com
Chelsea Mikula, chelsea.mikula@tuckerellis.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page
I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 15, 2020 | Susan Carlson | /s/ Susan Carlson |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           F 9013-3.1.PROOF.SERVICE