**SMILEY WANG-EKVALL, LLP**
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
Tel: (714) 445-1000
Fax: (714) 445-1002

**LEVENFELD PEARLSTEIN, LLC**
Sean P. Williams (admitted *pro hac vice*)
*swilliams@lplegal.com*
2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602
Tel: (312) 346-8380
Fax: (312) 346-8434

*Counsel to CapGrow Holdings JV Sub III
LLC and CapGrow Holdings JV Sub IV LLC*

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION**

| | |
|---|---|
| In re:<br><br>Community Provider of Enrichment Services, Inc. d/b/a CPES Inc., *et al.*,<br><br>    Debtors. | Lead Case No. 9:20-bk-10554-DS<br><br>Chapter 11 Cases |
| [ ] Affects All Debtors<br><br>[•] Community Providers of Enrichment Services, Inc. d/b/a CPES Inc.<br>[ ] Novelles Developmental Services, Inc.<br>[ ] CPES California, Inc.<br><br>Debtors and Debtors in Possession | **LIMITED OBJECTION AND RESERVATION OF RIGHTS WITH RESPECT TO CPES AZ SALE MOTION**<br><br>Date: November 3, 2020<br>Time: 11:30 a.m.<br>Place: Courtroom 201<br>      United States Bankruptcy Court<br>      1415 State Street<br>      Santa Barbara, CA 93101 |

CapGrow Holdings JV Sub III LLC and CapGrow Holdings JV Sub IV LLC (collectively, "CapGrow"), creditors/landlords of Community Providers of Enrichment Services, Inc. d/b/a CPES Inc. ("CPES AZ" or the "Debtor")), by and through their counsel, hereby file this objection (the "Objection") to the Debtor's *Motion for Entry of (I) an Order (A) Authorizing and Approving the Debtor's Entry Into the Stalking Horse Asset Purchase Agreement, (B) Authorizing and Approving Bidding Procedures and Break-Up Fee, (C) Approving Notice Procedures, (D) Scheduling a Sale Hearing, and (E) Approving Procedures for Assumption and Assignment of Certain Executory*

*Contracts and Unexpired Leases and Determining Cure Amounts; and (II) an Order (A) Authorizing the Sale of Substantially All of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases; Memorandum of Points and Authorities in Support Thereof* [Docket No. 296] (the "Sale Motion").[1] In further support hereof, CapGrow submits the *Declaration of Matt Pettinelli* (the "Pettinelli Declaration"), attached hereto as Exhibit A.

## PRELIMINARY STATEMENT

1. CapGrow is strongly committed to providing housing to those with, among other conditions, brain injuries, mental illness, substance abuse, and eating disorders. Specifically, it buys buildings and enters into leases with entities across the country that provide housing to individuals with the aforementioned conditions. CapGrow strongly believes that stability is in the best interests of those individuals and that it is not in their best interests to be moved from home-to-home.

2. CapGrow, with twenty-six active leases (the "Leases"), is the Debtor's primary landlord. In connection with the Sale Motion, it is CapGrow's understanding that the Debtor will be transitioning members (the "Members") to those parties that have been chosen by the Arizona Department of Economic Security, Division of Developmental Disabilities ("DDD") (or the winning bidder at the auction of the Debtor's assets).

3. Assuming those entities selected by the DDD are the "winning bidder," the Members will be transitioned to at least nine different potential lessees (collectively, the "Vendors"), most of whom have requested modifications to CapGrow's Leases. As further set forth in the Debtor's *Reply in Support of the Sale Motion and in Response to the DES-DDD's Objection* [Docket No. 430], CapGrow is working with the Debtor and the Vendors in an effort to reach an agreement on the assumption and assignment of each of the Leases. CapGrow further appreciates the assistance of the Debtor and its counsel to facilitate and negotiate the assignment of the Leases. To date, however, CapGrow has not finalized deals with the Vendors.

4. CapGrow and certain Vendors have reached an impasse on the terms and conditions of the assumption and assignment of the Leases. In addition, certain Vendors have failed to provide

---

[1] Capitalized terms used but not defined herein shall the meaning given to such term in the Sale Motion.

the requisite adequate assurance that they will be able to comply with basic provisions of the Leases, including providing the minimum required insurance coverage.

5.    CapGrow therefore objects to the Sale Motion and the assumption and assignment of its Leases, to the extent the proposed assumption and assumption is not consistent with section 365 of the Bankruptcy Code. In order to prevent a "gaming" of the system, CapGrow's agreement to modify the terms of any individual lease is conditioned on a resolution of all of the Leases. The alternative could result in an unnecessary disruption to Member lives and leave CapGrow in an untenable economic position. To facilitate a smooth transition for the Members, CapGrow requests that the Court provide CapGrow, the Debtor, and the Vendors additional time to negotiate changes, if any, to the Leases.

## BACKGROUND

6.    On April 24, 2020, the Debtor and its affiliate, Novelles Developmental Services, Inc. ("Novelles") filed voluntary petitions for relief under chapter 11 of title of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Central District of California (the "Court"). On August 11, 2020, CPES California, Inc. ("CPES CA," and collectively with Novelles and CPES AZ, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors' chapter 11 cases (the "Chapter 11 Cases") are being jointly administered under Case No. 9:20-bk-10554-DS.

7.    CapGrow is one of CPES AZ's largest creditors, according to the schedules and top-20 creditors list filed in the Chapter 11 Cases,[2] and was the landlord of twenty-nine properties pursuant to certain leases with CPES AZ (three of CapGrow's leases have previously been rejected by CPES AZ, see, e.g., Docket No. 173). Pettinelli Declaration, ¶ 4.

8.    On September 4, 2020, CPES AZ filed the Sale Motion, seeking authority to sell its property to CTB AZ, LLC ("CTB AZ"), subject to higher and better offers. An auction was held on October 15, 2020, which resulted in a number of parties submitting higher and better offers for certain properties. On October 19, 2020, the Debtor filed a *Notice of Auction Results* [Docket No. 413], indicating the winner of the auction (to the extent applicable) and the DDD designate with respect to each property. The Debtor and the DDD-designate Vendors began setting up calls with

---

[2]    See Docket Nos. 1, 165.

CapGrow shortly thereafter, in order to begin negotiations with respect to the Leases. See Pettinelli Declaration, ¶ 5.

9. CapGrow has and continues to negotiate in good faith with the Vendors. Pettinelli Declaration, ¶ 6. CapGrow is committed to allowing Members who currently reside in the homes to remain in their homes. Id. In addition, by hosting numerous conference calls and negotiating in good faith with all interested parties, CapGrow has demonstrated a willingness to work with Vendors on potential alterations to the Leases, so long as much as any modification satisfies the loan covenants in CapGrow's own loan documents and permit CapGrow to continue to operate its business. Id.

10. As set forth above, CapGrow and certain Vendors have failed to reach agreement with respect to a modification of terms of the Leases, which may result in the rejection of such Leases, and/or the removal of the Members from the CapGrow homes. Pettinelli Declaration, ¶ 5. CapGrow does not consent to the assumption and assignment of its Leases until CapGrow and the Vendors have reached agreement with respect to the assumption and assignment of all of its Leases.

## ARGUMENT

### A. The Debtor may not Assume and Assign Modified Leases without CapGrow's Consent

11. The Debtor may not assume and assign the Leases (as modified by the Vendors' requests) unless CapGrow consents. "It is well settled that if a debtor elects to assume an executory contract or unexpired lease, it must assume the entire contract or lease *cum onere*, except insofar as the rights of the parties are altered by the Bankruptcy Code." In re David Orgell, Inc., 117 B.R. 574, 575-76 (Bankr. C.D. Cal. 1990); see also American Flint Glass Wkrs v. Anchor Resolution Corp., 197 F.3d 76, 81 (3d Cir. 1999). Similarly, "[t]he trustee cannot retain the beneficial aspects of an executory contract or unexpired lease while rejecting its burdens." In re Plitt Amusement Co. of Washington, Inc., 233 B.R. 837, 840 (Bankr. C.D. Cal. 1999); see also In re CellNet Data Systems, Inc., 327 F.3d 242, 249 (3d Cir. 2003) (Assignment of a lease is "an all-or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected.").

12. The Debtor and Vendors, in seeking to negotiate or modify existing terms of the Leases, are seeking to retain the benefit of the Leases (having a home for the Members), while

seeking to reject terms that the Vendors find burdensome. This is impermissible under section 365 of the Bankruptcy Code.

13.    CapGrow is, in fact, willing to accommodate many of the Vendors' requests. See Pettinelli Declaration, ¶ 7. However, CapGrow has yet to see proof of insurance with respect to certain Vendors. Id. In other cases, Vendors are seeking to materially reduce the monetary obligations under the Leases or are requesting concessions on repair and maintenance. Id. Absent agreement, Vendors may move Members from one home to another. Id. As the assumption of each Lease requires CapGrow's consent (to the extent a Vendor seeks to modify the terms of the Leases), none of the Leases can be assumed and assigned as of the date hereof.

14.    In an effort to allow Members to remain in their homes, CapGrow believes that continuing the hearing on the Sale Motion will hopefully provide the parties time to finalize the terms of the assumption and assignment of the Leases.

**B. Debtor Must Provide CapGrow Adequate Assurance of Future Performance for Each Vendor**

15.    Pursuant to section 365(f)(2) of the Bankruptcy Code, a lease is only assignable if it has been assumed in accordance with section 365(b)(1) and the moving party has provided "adequate assurance of future performance" with respect to leases. 11 U.S.C. § 365(f)(2). As the court noted in In re Washington Capital Aviation & Leasing, 156 B.R. at 167, 175 n. 3 (Bankr. E.D. Va. 1993):

> Adequate assurance of future performance by the assignee is important because 11 U.S.C. § 365(k) "relieves the ... estate from any liability for any breach of such ... lease occurring after such assignment." A party subject to a contractually created obligation ordinarily cannot divest itself of liability by substituting another in its place without the consent of the party owed the duty.

See also In re Rickel Home Centers, Inc., 209 F.3d 291, 299 (3d Cir. 2000) (Adequate assurance is "necessary to protect the rights of the non-debtor party to the contract or lease, because assignment relieves the trustee and the estate from liability arising from a post-assignment breach").

16.    The Debtor bears the burden on adequate assurance issues. 11 U.S.C. §§ 365(b)(1)(C), (f)(2). Putting aside the fact that CapGrow currently does not even know whether the Vendors designated by the DDD will be the eventual purchasers, the Debtor has not received, and therefore has not provided, minimum evidence of adequate assurance, including with respect

to certain Vendors' financial condition. Pettinelli Declaration, ¶ 8. In fact, one Vendor is a newly formed entity that, upon information and belief, does not have any assets. Id. Without proof of financial ability to perform, the Leases cannot be assumed and assigned under section 365(f)(2)(B) of the Bankruptcy Code with respect to such Vendor(s).

17. More egregiously, certain Vendors have not provided CapGrow with a certificate of insurance sufficient to meet CapGrow's (and CapGrow's lender's) minimum requirements. See Pettinelli Declaration, ¶ 9. Certain other Vendors have stated that they will not comply with the insurance requirements set forth in the Lease. Id. Once again, the failure to provide minimum insurance requirements compels denial of the Debtor's request to the assume and assign the Leases under section 365(f)(2)(B) of the Bankruptcy Code as this failure is further evidence of the Debtor's inability to provide proof of adequate assurance of future performance.

18. CapGrow therefore objects to the Sale Motion and assumption and assignment of its Leases until the Debtor can satisfy section 365(f)(2)(B) with respect to each Lease.

## **RESERVATION OF RIGHTS**

19. Nothing contained herein shall constitute a waiver of any rights or remedies of CapGrow under the Bankruptcy Code or applicable law, including, without limitation, the right to supplement this limited objection or raise any other additional arguments at a later date.

Dated: November 2, 2020

**SMILEY WANG-EKVALL, LLP**

By: */s/ Kyra E. Andrassy*
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
Tel: (714) 445-1000
Fax: (714) 445-1002

**LEVENFELD PEARLSTEIN, LLC**

By: _____
Sean P. Williams (IL Bar # 6314275)
*swilliams@lplegal.com*
2 N. LaSalle St., Suite 1300
Chicago, Illinois 60602
Telephone: (312) 476-7531

to certain Vendors' financial condition. Pettinelli Declaration, ¶ 8. In fact, one Vendor is a newly formed entity that, upon information and belief, does not have any assets. Id. Without proof of financial ability to perform, the Leases cannot be assumed and assigned under section 365(f)(2)(B) of the Bankruptcy Code with respect to such Vendor(s).

17. More egregiously, certain Vendors have not provided CapGrow with a certificate of insurance sufficient to meet CapGrow's (and CapGrow's lender's) minimum requirements. See Pettinelli Declaration, ¶ 9. Certain other Vendors have stated that they will not comply with the insurance requirements set forth in the Lease. Id. Once again, the failure to provide minimum insurance requirements compels denial of the Debtor's request to the assume and assign the Leases under section 365(f)(2)(B) of the Bankruptcy Code as this failure is further evidence of the Debtor's inability to provide proof of adequate assurance of future performance.

18. CapGrow therefore objects to the Sale Motion and assumption and assignment of its Leases until the Debtor can satisfy section 365(f)(2)(B) with respect to each Lease.

### RESERVATION OF RIGHTS

19. Nothing contained herein shall constitute a waiver of any rights or remedies of CapGrow under the Bankruptcy Code or applicable law, including, without limitation, the right to supplement this limited objection or raise any other additional arguments at a later date.

Dated: November 2, 2020

**SMILEY WANG-EKVALL, LLP**

By: /s/ Kyra E. Andrassy
Kyra E. Andrassy, State Bar No. 207959
kandrassy@swelawfirm.com
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
Tel: (714) 445-1000
Fax: (714) 445-1002

**LEVENFELD PEARLSTEIN, LLC**

By: _____
Sean P. Williams (IL Bar # 6314275)
swilliams@lplegal.com
2 N. LaSalle St., Suite 1300
Chicago, Illinois 60602
Telephone: (312) 476-7531

*Counsel to CapGrow*

# EXHIBIT "A"

**SMILEY WANG-EKVALL, LLP**
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
Tel: (714) 445-1000
Fax: (714) 445-1002

**LEVENFELD PEARLSTEIN, LLC**
Sean P. Williams (admitted *pro hac vice*)
*swilliams@lplegal.com*
2 North LaSalle Street, Suite 1300
Chicago, Illinois 60602
Tel: (312) 346-8380
Fax: (312) 346-8434

*Counsel to CapGrow Holdings JV Sub III LLC and CapGrow Holdings JV Sub IV LLC*

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION**

| In re:<br><br>Community Provider of Enrichment Services, Inc. d/b/a CPES Inc., *et al.*,<br><br>    Debtors.<br><hr>[ ] Affects All Debtors<br><br>[•] Community Providers of Enrichment Services, Inc. d/b/a CPES Inc.<br>[ ] Novelles Developmental Services, Inc.<br>[ ] CPES California, Inc.<br><br>Debtors and Debtors in Possession | Lead Case No. 9:20-bk-10554-DS<br><br>Chapter 11 Cases<br><br><br><br>**DECLARATION OF MATT PETTINELLI WITH RESPECT TO OBJECTION AND RESERVATION OF RIGHT WITH RESPECT TO CPES AZ SALE MOTION**<br><br>Date: November 3, 2020<br>Time: 11:30 a.m.<br>Place: Courtroom 201<br>    United States Bankruptcy Court<br>    1415 State Street<br>    Santa Barbara, CA 93101 |
|---|---|

I, Matt Pettinelli, state the following under penalty of perjury:

1.    I submit this declaration (the "Declaration") in support of the *Objection and Reservation of Rights with Respect to CPES AZ Sale Motion* (the "Objection"). I am the President

CASE NO. 9:20-BK-10554-DS

and Founder of CapGrow Partners, which includes the CapGrow[1] entities referenced in the Objection.

2.  Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, or my opinion based upon my experience, knowledge, and information concerning the Objection and Sale Motion. I am over the age of eighteen and authorized to submit this Declaration on behalf of CapGrow. If called upon to testify, I would testify to the facts set forth herein.

3.  CapGrow leases homes to companies providing care to individual members throughout the country. The key communities CapGrow leases to include parties with the following issues: brain injury; mental illness; substance abuse; eating disorders; and, relevant to the Debtor's case, long-term care.

4.  CapGrow currently has twenty-six active leases with the Debtor. In connection with the Sale Motion, it is CapGrow's understanding that the Debtor may seek to transition Members and thus, the Leases, to those parties that have been chosen by the DDD.

5.  Shortly after the Debtor filed its *Notice of Auction Results* [Docket No. 413], the Debtor and the DDD-designate Vendors began setting up calls with CapGrow, in order to begin negotiations with respect to the Leases. CapGrow and certain Vendors have failed to reach agreement with respect to a modification of terms of the Leases.

6.  CapGrow has and continues to negotiate in good faith with the Vendors. CapGrow is committed to allowing Members who currently reside in the homes to remain in their homes. CapGrow has a willingness to work with vendors on potential alterations to the Leases, so long as much as any modification satisfies the loan covenants in CapGrow's own loan documents.

7.  CapGrow is willing to accommodate many of the Vendors' requests. However, CapGrow has yet to see proof of insurance with respect to certain Vendors. In other cases, Vendors are seeking to materially reduce the monetary obligations under the Leases or are requesting concession on repair and maintenance.

---

[1]  Capitalized terms used but not defined herein shall have the meaning given to such term in the Objection.

8.   The Debtor has not received, and therefore has not provided, minimum adequate assurance, including with respect to certain Vendors' financial condition. One Vendor is a newly formed entity that, upon information and belief, does not have any assets.

9.   Certain Vendors have not provided CapGrow with a certificate of insurance sufficient to meet CapGrow's (and CapGrow's lender's) minimum requirements. Certain other Vendors have simply refused to comply with the insurance requirements set forth in the Lease.

Dated: November 2, 2020

Matt Pettinelli

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA. 92626**

A true and correct copy of the foregoing document entitled (*specify*): **Limited Objection and Reservation of Rights with Respect to CPES AZ Sale Motion** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **11/2/2020**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 11/2/2020 | Lynnette Garrett | */s/ Lynnette Garrett* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*      **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Lisa D Angelo    langelo@murchisonlaw.com, cthomas@murchisonlaw.com
- Gary O Caris    gcaris@btlaw.com, slmoore@btlaw.com;rsutton@btlaw.com
- Scott B Cohen    sbc@eblawyers.com, mkk@eblawyers.com
- Brian D Fittipaldi    brian.fittipaldi@usdoj.gov
- David R Johanson    djohanson@hpylaw.com, drubel@hpylaw.com;rthompson@hpylaw.com
- Jennifer Kalvestran    jkalvestran@gustlaw.com, spobrien@gustlaw.com
- Kelsey L Maxwell    kmaxwell@murchisonlaw.com
- Chelsea Mikula    chelsea.mikula@tuckerellis.com, bethany.mackay@tuckerellis.com
- Roksana D. Moradi-Brovia    roksana@rhmfirm.com, matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- Sean P O'Brien    spobrien@gustlaw.com
- Steven P Ordaz    sordaz@bmcgroup.com, tfeil@bmcgroup.com
- Agustin R Pina    pina@schinner.com
- Ryan M Salzman    ryan.salzman@faegredrinker.com, willie.ackart@faegredrinker.com;susan.carlson@faegredrinker.com
- United States Trustee (ND)    ustpregion16.nd.ecf@usdoj.gov
- Scott L Whitman    slw@mwlegal.com, holly@mwlegal.com
- Steven W Yuen    syuen@heathandyuen.com, wyang@heathandyuen.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**