**FAEGRE DRINKER BIDDLE & REATH LLP**
JEREMY M. PELPHREY (CA Bar # 249862)
Jeremy.Pelphrey@faegredrinker.com
RYAN M. SALZMAN (CA Bar #299923)
Ryan.Salzman@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, CA  90067
Telephone:    (310) 203-4000
Facsimile:    (310) 229-1285
*Counsel for the Debtors and Debtors in Possession*

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>Community Provider of Enrichment Services, Inc. d/b/a CPES Inc., et al.,<br>EIN: 86-0804057<br><br>Novelles Developmental Services, Inc.<br>EIN: 27-5174435<br><br>CPES California, Inc.<br>EIN: 27-2315212<br><br>    Debtors.<br><br>[ ] Affects All Debtors<br><br>[•] Community Provider of Enrichment Services, Inc. d/b/a CPES Inc.<br>[ ] Novelles Developmental Services, Inc.<br>[ ] CPES California, Inc.<br><br>Debtors and Debtors in Possession | Lead Case No. 9:20-bk-10554-DS<br><br>Jointly Administered With:<br><br>Case No. 9:20-bk-10553-DS<br><br>Case No. 9:20-bk-10994-DS<br><br>Chapter 11 Cases<br><br>**DECLARATION OF MARK G. MONSON IN SUPPORT OF THE DEBTOR'S SALE MOTION**<br><br>**RELATED DOCKET NOS. 296, 386, 398, 399, 407, 412, 413, 425, 430** |

I, Mark G. Monson, hereby state and declare as follows:

1.    I am the President and Chief Executive Officer of Community Provider of Enrichment Services, Inc. d/b/a CPES Inc., ("CPES"), Novelles Development Services, Inc. ("Novelles") and CPES California, Inc. ("CPES CA" and, together with CPES and Novelles, the "Debtors").  If I were called to testify as a witness in this matter, I could and would competently testify to each of the facts set forth herein based upon my personal knowledge, review of documents, or opinion.  I am authorized to submit this declaration on behalf of the Debtors.

2.    In June 2020, the Debtors engaged CohnReznick Capital ("CRC") to identify potential buyers for some or all of the Debtors' assets and commenced discussions with those

parties. CRC prepared a confidential investment memorandum and assembled an online data room to facilitate the sharing of information with potential buyers. CRC contacted a number of potential buyers to solicit their interest in exploring a transaction regarding the Debtor's assets. Ultimately, the Debtor's Board of Directors determined in their business judgment to pursue a section 363 sale of substantially all assets with CTB AZ, LLC as the Stalking Horse Bidder.

3. As stated in the *Declaration of Jeffrey R. Manning in Support of Debtor CPES Inc.'s Asset Sale Under Section 363 of the Bankruptcy Code and in Summary of the October 15, 2020 Auction* [Docket No. 412] (the "Manning Declaration") and the Debtor's *Notice of Auction Results* [Docket No. 413], the Debtor held an auction on October 15, 2020 (the "Auction"). As further described in the Manning Declaration, prior to the Auction, the Debtor received Qualifying Bids from six additional Qualified Bidders in addition to the Stalking Horse Bid from CTB AZ, LLC. At the Auction, the Debtor received individual bids for many of its locations, the sum of which exceeded the amount of the Stalking Horse Bid.

4. On October 23, 2020, DES-DDD informed the Debtor that, with respect to the locations where the DES-DDD designated vendor and the winning bidder were not the same, DES-DDD was unwilling to modify its vendor designations to conform with the winning bidder for those locations.

5. Therefore, absent the DES-DDD's consent to modify its vendor designations, I believe it is in the best interests of the Debtor and its estate to assign leases and sell personal property to the Winning Bidder and/or DES-DDD designated vendor (to the extent those parties are different).

6. To the extent the DES-DDD has notified the Debtor of repairs to be made at certain group home locations, in the vast majority of cases those repairs were insignificant. In cases where the Debtor was notified of a repair related to health or safety of its members that repair was made immediately in every instance.

7. Not having to relocate group home members is of paramount importance to CPES and all efforts were made to preserve their existing situation.

8. The Debtor has determined that the best method of maximizing the recovery of the

Debtor's creditors is through the sale of its assets to the Winning Bidder and/or DES-DDD designated vendor (to the extent those parties are different). The Debtor believes that the value of its estate pursuant to this sale exceeds the value that it could obtain if the Debtor were required to liquidate its assets in a piecemeal fashion or if the Debtor were to proceed with a sale to vendors that DES-DDD would ultimately not approve.

9. Accordingly, I believe that the sale of the Debtor's assets (i) to the Winning Bidders (to the extent they are consistent with the DES-DDD designation) and (ii) to the DES-DDD designated vendors (for those locations where they were not the Winning Bidder or where no bids were received at the Auction) should be approved as a sound exercise of the Debtor's business judgment.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge, information and belief.

Respectfully submitted this 3rd day of November, 2020.

_____
Mark G. Monson