FAEGRE DRINKER BIDDLE & REATH LLP
JEREMY M. PELPHREY (CA Bar # 249862)
Jeremy.Pelphrey@faegredrinker.com
SCOTT F. GAUTIER (CA Bar # 211742)
Scott.Gautier@faegredrinker.com
1800 Century Park East, Suite 1500
Los Angeles, CA 90067
Telephone: (310) 203-4000
Facsimile: (310) 229-1285

*Counsel for the Debtors and Debtors in Possession*



**FILED & ENTERED**

**MAY 10 2021**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY rust        DEPUTY CLERK**

**CHANGES MADE BY COURT**

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – NORTHERN DIVISION**

| | |
|---|---|
| In re<br><br>CPESAZ LIQUIDATING, INC.,<br><br>    Debtor. | Lead Case No. 9:20-bk-10554-DS<br><br>Chapter 11<br><br>Jointly Administered With:<br>Case No. 9:20-bk-10553-DS<br>Case No. 9:20-bk-10994-DS |
| In re<br><br>NDS LIQUIDATING, INC.,<br><br>    Debtor. | **ORDER CONFIRMING THE DEBTORS' FIRST AMENDED JOINT CHAPTER 11 PLAN OF LIQUIDATION, AS MODIFIED** |
| In re<br><br>CPESCA LIQUIDATING, INC.,<br><br>    Debtor. | Confirmation Hearing:<br>Date: April 6, 2021<br>Time: 11:30 a.m.<br>Place: Courtroom 201<br>          1415 State Street<br>          Santa Barbara, CA 93101 |
| ☒ Affects All Debtors<br><br>☐ Affects CPESAZ Liquidating, Inc.<br>☐ Affects NDS Liquidating, Inc.<br>☐ Affects CPESCA Liquidating, Inc. | |

    A hearing was held at the above-captioned time and place on the confirmation (the "Confirmation Hearing") of the "Debtors' First Amended Joint Chapter 11 Plan of Liquidation" (Docket No. 646), as modified by the "Debtors' First Amended Joint Chapter 11 Plan of Liquidation, as Modified" (including all exhibits thereto, and as amended, supplemented, or modified from time to time pursuant to the terms thereof, and as and to the extent modified by this Confirmation Order (as defined below), the "Plan," Docket No. 802)[1] filed by the above-

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the Plan.

referenced debtors and debtors in possession (the "Debtors").  Appearances at the Confirmation Hearing were made as reflected on the court's record.

The court having reviewed and considered the following documents:

(a) the Plan;

(b) the "Disclosure Statement for the Debtors' First Amended Joint Chapter 11 Plan" (the "Disclosure Statement," Docket No. 647);

(c) the Solicitation Procedures Order (Docket No. 645);

(d) the Plan Supplement (Docket No. 747);

(e) the "Objection to Confirmation of Plan" filed by the "Individual CPES ESOP Participants" (Docket No. 762);

(f) the Plan Ballot Summary (the Docket No. 771);

(g) the Debtors' "Memorandum of Law in Support of Confirmation of the First Amended Chapter 11 Plan" (Docket No. 784);

(h) the "Declaration of Mark G. Monson in Support of Confirmation of the Debtors' Joint Chapter 11 Plan" (Docket No. 793);

(i) the Individual CPES ESOP Participants' "Brief in Response to Debtors' Memorandum in Support of Plan Confirmation" (Docket No. 795, and together with Docket No. 762, the "Confirmation Objection");

(j) the Notice of Supplemental Plan Documents (Docket No. 801);

(k) all of the documents and evidence filed in support of confirmation of the Plan;

(l) the statements and arguments of counsel at the Confirmation Hearing; and

(m) the record and docket in these Chapter 11 Cases.

Based on the record made before the court at the Confirmation Hearing and the findings made by the court at the Confirmation Hearing, and good cause appearing therefor,

IT IS HEREBY ORDERED that:

1. The Plan, as and to the extent modified by this order (the "Confirmation Order"), is confirmed pursuant to section 1129 of the Bankruptcy Code.

2. Each provision of the Plan is authorized and approved and will have the same validity, binding effect, and enforceability as every other provision of the Plan. The terms of the Plan, as modified by this Confirmation Order, are incorporated by reference into and are an integral part of this Confirmation Order. The failure specifically to describe, include, or refer to any particular article, section, part, or provision of the Plan, the Plan Supplement, or any related document in this Confirmation Order will not diminish or impair the effectiveness of such article, section, part, or provision, it being the intent of the court that the Plan, the Plan Supplement, and all related documents be approved and confirmed in their entirety as if set forth verbatim in this Confirmation Order.

3. The Confirmation Objection and any other unresolved objections, statements, joinders, comments, and reservations of rights in opposition to or inconsistent with the Plan have been fully considered by the court and are hereby denied and overruled with prejudice on the merits and in their entirety, except as specifically addressed by the court at the Confirmation Hearing and as reflected in this Confirmation Order.

**Compromises and Settlements Under the Plan**

4. Pursuant to section 1123(b) of the Bankruptcy Code and, to the extent applicable, Bankruptcy Rule 9019, upon the Effective Date, all settlements and adjustments of Claims and Interests belonging to the Debtors and their Estates set forth in the Plan are approved in all respects as good faith, fair, reasonable, and equitable compromises and settlements. Entry of this Confirmation Order constitutes approval of all such compromises and settlements pursuant to the Bankruptcy Rules, including, to the extent applicable, Bankruptcy Rule 9019(a), the Bankruptcy Code, including sections 105(a), 1123(a)(5), 1123(b)(3), and 1123(b)(6) of the Bankruptcy Code, and other applicable law.

**The Liquidating Trust & Liquidating Trustee**

5. The appointment and compensation of Oxford Restructuring Advisors LLC as the Liquidating Trustee is hereby approved. The appointment and compensation of the Trust Oversight Committee members as set forth in the Plan and Liquidating Trust Agreement are hereby approved.

6. The terms and provisions of the Liquidating Trust Agreement are approved, and, upon execution and delivery of the Liquidating Trust Agreement by the applicable parties, the Liquidating Trust Agreement shall be in full force and effect and valid, binding, and enforceable in accordance with its terms without the need for any further notice to or action, order or approval of this court. The Debtors and the Liquidating Trustee are authorized to enter into and execute the Liquidating Trust Agreement and take all other necessary steps to establish and implement the Liquidating Trust.

7. Unless otherwise ordered, the first postconfirmation status report must be filed within 120 days of entry of this Confirmation Order, with subsequent reports due on the 15th day of the month following each successive 120-day reporting period until a final decree is entered.

**Authorization to Implement Plan**

8. On the Effective Date, the certificates of incorporation, by-laws, operating agreements, and articles of organization, as applicable, of all the Debtors will be deemed amended to the extent necessary to carry out the provisions of the Plan in accordance with section 1142 of the Bankruptcy Code. The entry of this Confirmation Order constitutes authorization for the Debtors and the Liquidating Trustee, as applicable, to take or cause to be taken all actions necessary or appropriate to implement all provisions of, and to consummate, the Plan prior to, on, and after the Effective Date, and all such actions taken or caused to be taken will be deemed to have been authorized and approved by this court without further approval, act, or action under any applicable law, order, rule, or regulation.

9. In accordance with section 1142 of the Bankruptcy Code, this Confirmation Order constitutes all approvals and consents required, if any, by the laws, rules, or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan or the Plan Supplement.

10. Pursuant to section 1146(a) of the Bankruptcy Code, any transfers of property pursuant to the Plan or made in connection therewith will not be subject to any document recording tax, stamp tax, conveyance fee, intangibles or similar tax, mortgage tax, stamp act, real

estate transfer tax, mortgage recording tax, Uniform Commercial Code filing or recording fee, regulatory filing or recording fee, or other similar tax or governmental assessment to the fullest extent contemplated by section 1146(a) of the Bankruptcy Code.  Upon entry of this Confirmation Order, the appropriate state or local governmental officials or agents shall forgo the collection of any such tax or governmental assessment and must accept for filing and recordation any of the foregoing instruments or other documents without the payment of any such tax or governmental assessment.  The court will retain specific jurisdiction with respect to these matters.

11. The approvals and authorizations specifically set forth in this Confirmation Order are not intended to limit the authority of the Debtors and the Liquidating Trustee, as applicable, to take any and all actions necessary or appropriate to implement, effectuate, and consummate any and all documents or transactions contemplated by the Plan or this Confirmation Order.

**Enforceability of the Plan**

12. Pursuant to sections 1123(a), 1141(a), and 1142 of the Bankruptcy Code, the Plan and all Plan-related documents will be, and hereby are, valid, binding, and enforceable.  Upon the occurrence of the Effective Date, the Plan and the Plan Supplement will be immediately effective and enforceable and deemed binding on the Debtors, all Creditors and Holders of Interests, and all other Persons in accordance with their respective terms.

**Vesting of Assets**

13. Except as otherwise provided in the Plan, the Purchase Agreement, the Sale Documents, or any agreement, instrument, or other document incorporated therein, on the Effective Date, the assets of the Debtors, including their books and records, Litigation Claims, and Causes of Action (excluding any Direct ESOP Claims, which will vest in the ESOP Trustee, and excluding any claims or causes of action held by the any CPES ESOP Participant or beneficiary, to the extent any such claims exist), will vest in the Liquidating Trust for the purpose of liquidating the Estates, free and clear of all Liens, Claims, charges, or other encumbrances.

14. The Liquidating Trustee will be the exclusive trustee of the assets of the Debtors for the purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estates appointed pursuant to section 1123(b)(3)(B) of the Bankruptcy Code.

### Debtors' Management

15. On the Effective Date, the authority, power, and incumbency of the persons acting as managers, directors, trustees, and officers of the Debtors shall terminate, and the Liquidating Trustee will be appointed as the sole manager, sole director, sole trustee, and sole officer of the Debtors, and shall succeed to the powers of the Debtors' managers, directors, trustees, and officers. From and after the Effective Date, the Liquidating Trustee will be the sole representative of, and will act for, the Debtors.

### Corporate Action

16. Any corporate action required to be taken by the Debtors in respect of any of the matters provided for or contemplated under the Plan will, as of the Effective Date, be deemed to have been taken and will be effective as provided herein, and such corporate action will be authorized and approved in all respects without any requirement of further action by stockholders, managers, officers, trustees, or directors of any of the Debtors.

17. Pursuant to sections 1123(a)(5) and 1142(b) of the Bankruptcy Code, and notwithstanding any otherwise applicable non-bankruptcy law, the Debtors, the Liquidating Trustee, and all other necessary parties are authorized and empowered to execute and deliver any instrument, agreement or document and perform any act that is necessary, desirable or required to comply with the terms and conditions of the Plan and consummation and implementation of the Plan, and are authorized and empowered, without limitation, to take all actions necessary or appropriate to enter into, implement, and consummate the contracts, instruments, and other agreements or documents created in connection with the Plan.

18. The Debtors, and upon request of the Liquidating Trustee, all parties in interest, shall, from time to time, prepare, execute and deliver any agreements or documents and take any other actions as may be necessary or advisable to effectuate the provisions and intent of the Plan including executing and delivering documents necessary or appropriate to evidence the release and cancellation of Liens, Claims, or Interests.

**Wind Down and Dissolution of the Debtors**

19. Without need for any corporate action and without need for any corporate filings, all Interests of the Debtors issued and outstanding immediately before the Effective Date (other than any Intercompany Interests that are Reinstated by election of the Debtors) will be automatically cancelled and extinguished on the Effective Date, and the obligations of the Debtors thereunder or in any way related thereto, including any obligation to pay any franchise or similar-type taxes on account of such Interests, will be discharged.

20. From and after the Effective Date, the Debtors (i) will be deemed to have withdrawn their business operations from any state in which the Debtors were previously conducting, or are registered or licensed to conduct, their business operations, and will not be required to file any document, pay any sum, or take any other action in order to effectuate such withdrawal, and (ii) will not be liable in any manner to any taxing authority for franchise, business, license, or similar taxes accruing on or after the Effective Date.

21. From and after the Effective Date, the Debtors' respective boards of Directors and Officers will be deemed to have resigned without the necessity of any further action or writing, and they will be released from responsibilities, duties, and obligations arising after the Effective Date to the Debtors or their Creditors under the Plan and applicable law.

22. Effective as of the Confirmation Date, the Committee (as such term is defined in the CPES Employee Stock Ownership Plan) will be deemed to be dissolved without the necessity of any further action or writing, and Committee members will be released from responsibilities, duties, and obligations arising on or after the Confirmation Date to the Debtors or their Creditors under the CPES Employee Stock Ownership Plan, the CPES Employee Stock Ownership Trust, and applicable law.

23. The Liquidating Trustee has the power and authority to take any action necessary to wind down and dissolve any of the Debtors as provided in the Plan. Notwithstanding the foregoing, upon a certification to be filed with the court by the Liquidating Trustee of all distributions having been made and completion of all its duties under the Plan and entry of a final decree closing the last of the Chapter 11 Cases, the Debtors will be deemed to be dissolved

without any further action by any Debtor, including the filing of any documents with the Secretary of State for the state in which the Debtor is formed or any other jurisdiction.

### Claims Bar Dates

24. Counterparties to Executory Contracts or Unexpired Leases that are rejected will have the right to assert Claims, if any, on account of the rejection of such contracts and leases. Unless otherwise provided by an order of this court, the following Proofs of Claim must be filed with the Claims and Solicitation Agent no later than 30 days after the later of the Effective Date or the effective date of rejection: (a) Proofs of Claim asserting Claims arising from the rejection of Executory Contracts and Unexpired Leases pursuant to the Plan, other order of this court, or by operation of applicable law; and (b) Proofs of Claim asserting General Unsecured Claims against CPES CA.

25. Any such Proofs of Claim that are not timely filed will be disallowed without the need for any further notice to or action, order, or approval of the court. Such Proofs of Claim will be forever barred, estopped, and enjoined from assertion. Moreover, such Proofs of Claim will not be enforceable against the Debtors' Estates, without the need for any objection by the Liquidating Trustee or any further notice to or action, order, or approval of the court, and any Claim arising out of the rejection of the Executory Contract or Unexpired Lease will be deemed fully satisfied, released, and discharged notwithstanding anything in a Proof of Claim to the contrary.

26. Any General Unsecured Claims against CPESCA Liquidating, Inc. that have not already been filed must be filed with the Claims and Solicitation Agent no later than thirty (30) days after the Effective Date. Except where the Plan, Bankruptcy Code, or a Final Order provides otherwise, any such Claims that are not timely filed will be forever disallowed, barred, and unenforceable, and Persons holding such Claims will not receive any distributions under the Plan on account of such untimely Claims. For the avoidance of doubt, this does not extend any otherwise applicable deadline for proofs of claim.

27. Except where the Plan, Bankruptcy Code, or a Final Order provides otherwise, all requests for payment of an Administrative Claim must be filed with the court no later thirty (30)

days after the Effective Date. Except where the Plan, Bankruptcy Code, or a Final Order provides otherwise, the failure to file a motion requesting Allowance of an Administrative Claim on or before the Administrative Claims Bar Date, or the failure to serve such motion timely and properly, will result in the Administrative Claim being forever barred and disallowed without further order of this court. If for any reason any such Administrative Claim is incapable of being forever barred and disallowed, then the Holder of such Claim will in no event have recourse to any property to be distributed pursuant to the Plan.

28. All final requests for payment of Professional Claims pursuant to sections 327, 328, 330, 331, 363, 503(b), or 1103 of the Bankruptcy Code must be made by application filed with the court and served on counsel to the Liquidating Trustee, counsel to the U.S. Trustee, and to counsel for the Individual CPES ESOP Participants no later than forty-five days after the Effective Date, unless otherwise ordered by the court.

### Releases, Exculpation, and Injunction

29. The following release, exculpation, injunction and related provisions set forth in Article IX of the Plan are hereby approved and authorized in their entirety. For the avoidance of doubt, the Distribution Agent, solely as the Debtors' agent with respect to effectuating the distribution of property under the Plan, will be entitled to exculpation as set forth in Section 9.3 of the Plan.

30. **Releases by the Debtors (Plan § 9.2). Pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, on and after the Effective Date, each Released Party is deemed released and discharged by each of the Debtors and the Estates from any and all Causes of Action, including any derivative claims asserted on behalf of the Debtors, that the Debtors, their Estates, or the Liquidating Trust would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest, or that any Holder of any Claim or Interest could have asserted on behalf of the Debtors, based on or relating to, or in any manner arising from, in whole or in part:**

**(a) the Debtors, the Debtors' in- or out-of-court restructuring efforts, intercompany transactions, the formulation, preparation, dissemination, negotiation, or filing of the Plan Documents;**

**(b) any Plan Document, contract, instrument, release, or other agreement or document (including providing any legal opinion requested by any Person or Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Released Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement or the Plan;**

**(c) the Chapter 11 Cases, the Disclosure Statement, the Plan, the Purchase Agreements, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement; or**

**(d) the business or contractual arrangements between any Debtor and any Released Party, and any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date relating to any of the foregoing.**

**Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release (i) any post-Effective Date obligations of any Person or Entity under the Plan, any Plan Document, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan, (ii) any Cause of Action related to any act or omission that is determined in a Final Order to have constituted actual fraud, willful misconduct, or gross negligence, or (iii) any of the Litigation Claims, but in all respects the Released Parties shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan.**

**For the avoidance of doubt, the releases set forth in Plan § 9.2 shall not prohibit the Liquidating Trustee from asserting any and all defenses and counterclaims in respect of any Disputed Claim asserted by any Released Parties.**

31. **Exculpation (Plan § 9.3).  Except as otherwise specifically provided in the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from any Cause of Action for any claim related to any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the Disclosure Statement, the Plan, the Sale Transactions, the Purchase Agreements, or any Plan Document, contract, instrument, release or other agreement or document (including providing any legal opinion requested by any Person or Entity regarding any transaction, contract, instrument, document, or other agreement contemplated by the Plan or the reliance by any Exculpated Party on the Plan or the Confirmation Order in lieu of such legal opinion) created or entered into in connection with the Disclosure Statement or the Plan, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of Consummation, the administration and implementation of the Plan, including the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a final order to have constituted actual fraud, willful misconduct, or gross negligence, but in all respects such Persons and Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Exculpated Parties have, and upon closing of the Chapter 11 Cases or the Effective Date shall be deemed to have, participated in good faith and in compliance with the applicable laws with regard to the solicitation of, and distribution of, consideration pursuant to the Plan and, therefore, are not, and on account of such distributions shall not be, liable at any time for the violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.**

32. **Injunction (Plan § 9.4).  Except as otherwise provided in the Plan, including paragraph 37 below, from and after the Effective Date, all Entities are permanently**

**enjoined from commencing or continuing in any manner against the Debtors, the Estates, the Liquidating Trust, the Liquidating Trustee, their successors and assigns, and their assets and properties, as the case may be, any suit, action or other proceeding, on account of or respecting any Claim or Equity Interest, demand, liability, obligation, debt, right, Cause of Action, interest or remedy released or satisfied or to be released or satisfied under the Plan or the Confirmation Order. Except as otherwise expressly provided for in the Plan or in obligations issued under the Plan, from and after the Effective Date, all Entities shall be precluded from asserting against the Debtors, the Estates, the Liquidating Trust, the Liquidating Trustee, or their successors and assigns and their assets and properties, any other Claims or Equity Interests based upon any documents, instruments, or any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, solely to the extent that (a) such Claims or Equity Interests have been released or satisfied under this Plan or this Confirmation Order or (b) such Claims, Equity Interests, actions or assertions of Liens relate to property that will be distributed under this Plan or this Confirmation Order.**

### Retention of Jurisdiction and Power

33. Pursuant to sections 105(a) and 1142 of the Bankruptcy Code, this court will retain jurisdiction over all matters arising out of, or related to, these Chapter 11 Cases and the Plan to the fullest extent permitted by law, including jurisdiction and power to take the actions listed in Article XII of the Plan.

### Conflicts Between Documents

34. The provisions of this Confirmation Order and the provisions of the Plan are integrated with each other, nonseverable, and mutually dependent unless expressly stated by further order of this court. The provisions of the Plan, the Plan Supplement, and this Confirmation Order will be construed in a manner consistent with each other so as to effect the purpose of each; provided, however, that if there is any direct conflict between the terms of the Plan or the Plan Supplement and the terms this Confirmation Order that cannot be reconciled, then, solely to the extent of such conflict, (i) the provisions of this Confirmation Order shall

govern and any such provision of this Confirmation Order will be deemed a modification of the Plan and will control and take precedence; and (ii) as to all other agreements, instruments, or documents, the provisions of the Plan shall govern and take precedence (unless otherwise expressly provided for in such agreement, instrument, or document).

### Extension of Injunctions and Stays

35.  All injunctions or stays in the Chapter 11 Cases under sections 105 or 362 of the Bankruptcy Code or otherwise, and extant on the Confirmation Date (excluding any injunctions or stays contained in or arising from the Plan or this Confirmation Order), will remain in full force and effect through and inclusive of the Effective Date.  All injunctions or stays contained in the Plan or this Confirmation Order will remain in full force and effect in accordance with their terms.

### Provisions Relating to Specific Parties

36.  <u>Petra Hernandez Trevizo</u>.  The terms of the "Stipulation by and Between Petra Trevizo Hernandez and Debtor NDS Liquidating Inc." dated March 9, 2021 (the "Stipulation," Docket 743) and the Order approving the Stipulation [Docket No. 748] are expressly incorporated herein.[2]  Specifically, the Debtors and, on the Effective Date, the Liquidating Trustee on behalf of the Liquidating Trust, and the Claimant reserve all rights, claims, objections, and defenses with respect to Claim No. 273 and the Debtors' Claim Objection, including, but not limited to, the validity and amount of Claim No. 273.  The Claimant must seek to collect upon any judgment or settlement against NDS solely from applicable insurance proceeds and/or providers, *provided, however*, that in the event any such judgment or settlement is in excess of applicable insurance policy limits, Claimant will be entitled to assert a claim against the Debtor NDS's estate for such excess judgment or settlement amounts, which claim shall be paid *pro rata* from the Disputed Claims Reserve established pursuant to the Plan.  Except as otherwise provided in the Stipulation, no collection or enforcement action may be asserted or realized against NDS or its affiliate debtors, property of the Debtors' estates, or any successor or assign of any of the Debtors,

---

[2] Capitalized terms used in this paragraph have the meanings given to them in the Stipulation.

excepting only applicable insurance proceeds and/or providers.  Furthermore, except as provided in the Stipulation, the Claimant will not directly or indirectly (a) seek to compel any of the Debtors, including NDS, to pay any deductible, any retainage, or any other amount for or on account of any insurance carrier, provider, broker, or policy, or (b) obtain any distribution from the Debtors' estates in or arising out of the State Court Action.  However, Debtors agree that any and all deductible and/or self-insured retention amounts will be paid from the Disputed Claims Reserve.

37.  <u>Individual CPES ESOP Participants</u>.  Nothing in the Plan or this Confirmation Order will affect the rights of any CPES ESOP participant or beneficiary with respect to any claims or causes of action held by any CPES ESOP participant or beneficiary, to the extent any such claims or causes of action exist.

38.  <u>Stay of this Order.</u>  The Debtors' request to waive the stay of this Confirmation Order under Bankruptcy Rule 3020(e) is denied.

###

Date: May 10, 2021

Deborah J. Saltzman
United States Bankruptcy Judge